IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE D. SALAZAR,

    Plaintiff,

vs.                                                     Civ. No. 19-517 KG/LF

PENNYMAC MORTGAGE
INVESTMENT TRUST HOLDINGS I,
LLC; PENNYMAC LOAN SERVICES, LLC;
PENNYMAC CORP.; WEINSTEIN & RILEY, P.S.,
AND DOES 1 THROUGH 50, INCLUSIVE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants PennyMac Mortgage Investment Trust Holdings I, LLC; PennyMac Loan Services, LLC; and PennyMac Corp.'s (collectively, PennyMac) Dismissal Motion, filed June 26, 2019. (Doc. 5). *Pro se* Plaintiff did not respond to the Dismissal Motion. Having reviewed the Dismissal Motion and the Complaint for Wrongful Foreclosure (Complaint) (Doc. 1-2), the Court grants the Dismissal Motion.

*A. Procedural History*

In June 2007, Plaintiff entered into a Loan and Mortgage agreement with Decision One Mortgage Investment Company (Decision One) with respect to property in Placitas, New Mexico. (Doc. 1-2) at ¶ 40. In September 2013, PennyMac Mortgage Investment Trust Holdings, LLC, a subsequent holder of the Note and assignee of the Mortgage, filed a complaint in the Sandoval County District Court to foreclose on Plaintiff's property. *PennyMac Mortgage Investment Trust Holdings I, LLC v. Salazar*, D-1329-CV-201301730. In July 2015, the state district court denied a motion to dismiss, granted summary judgment in favor of PennyMac

Mortgage Investment Trust Holdings I, LLC, and entered a decree of foreclosure. (Doc. 5-1) at 60, 63. Plaintiff, represented by counsel, appealed the summary judgment, which the New Mexico Court of Appeals subsequently upheld in January 2016. 2016 WL 59044 (N.M. Ct. App.). A court-appointed Special Master sold the property in April 2017 to PennyMac Loan Services, LLC and executed a Special Master's Deed in favor of PennyMac Loan Services, LLC. (Doc. 5-1) at 81-84.

Plaintiff, now *pro se*, filed a motion to set aside the judgment and to vacate the sale of the property. *Id.* at 88-108. The state district court denied the motion and Plaintiff appealed the denial to the New Mexico Court of Appeals in October 2017. *Id.* at 125, 128. In July 2018, the New Mexico Court of Appeals dismissed the appeal as untimely. 2018 WL 3869561 (N.M. Ct. App.). Plaintiff then sought a petition for writ of certiorari in the New Mexico Supreme Court, which the New Mexico Supreme Court denied in October 2018. (Doc. 5-1) at 138-39. In April 2019, the state district court issued a writ of assistance to allow PennyMac Mortgage Investment Trust Holdings I, LLC to take possession of the subject property after May 20, 2019. *Id.* at 141, 143.

On May 16, 2019, Plaintiff filed this lawsuit in state court. (Doc. 1-2). On June 5, 2019, PennyMac removed that state lawsuit to federal court. (Doc. 1). In addition to suing PennyMac, Plaintiff sued Weinstein & Riley, P.S. (Weinstein & Riley), a law firm that represented PennyMac in the state foreclosure action, as well as Does 1-50, inclusive.

Plaintiff brings 12 causes of action:

- First Cause of Action: lack of standing to foreclose claim brought against Defendants;
- Second Cause of Action: fraud in the concealment claim brought against Defendants;
- Third Cause of Action: fraud in the inducement claim brought against Defendants;

- Fourth Cause of Action: New Mexico Unfair Practices Act (UPA) claim brought against Weinstein & Riley;

- Fifth Cause of Action: breach of contract and breach of the covenant of good faith and fair dealing claims brought against PennyMac;

- Sixth Cause of Action: Fair Debt Collections Practices Act (FDCPA) claim brought against Weinstein & Riley;

- Seventh Cause of Action: intentional infliction of emotional distress claim brought against Defendants;

- Eighth Cause of Action: slander of title claim brought against Defendants;

- Ninth Cause of Action: quiet title claim brought against Defendants;

- Tenth Cause of Action: declaratory relief claim brought against Defendants;

- Eleventh Cause of Action: Truth in Lending Act (TILA) claim brought against Defendants; and

- Twelfth Cause of Action: Real Estate Settlement and Procedures Act (RESPA) claim brought against Defendants.

PennyMac now moves for dismissal of all causes of action brought against it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

*B. Standard of Review*

As an initial matter, the Court notes that "[a] pro se litigant must 'follow the same rules of procedure that govern other litigants.'" *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. Appx. 680, 685 (10th Cir. 2019) (citation omitted). The Federal Rules of Civil Procedure require that a complaint must be "plausible on its face" or else face dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (quotation omitted). To be plausible, the complaint must include well-pleaded facts that, taken as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must view the well-pleaded facts in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

*C. Discussion*

PennyMac raises multiple reasons for dismissing Plaintiff's claims against it under Rule 12(b)(6). The Court addresses those reasons as follows.

*1. Res Judicata*

PennyMac argues first that *res judicata* bars Plaintiff's claims against it. "To determine the preclusive effect of a state court judgment in a subsequent federal lawsuit, [federal courts] use the preclusion law of the state in which the prior judgment was rendered." *Fundamental Admin. Services, LLC v. Cohen*, 709 Fed. Appx. 516, 518 (10th Cir. 2017). "Under New Mexico law, '[t]he doctrine of claim preclusion, or res judicata, bars re-litigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits.'" *Id.* (quoting *Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 15, 382 P.3d 991). "Res judicata applies if three elements are met (**1**) a final judgment on the merits in an earlier action, (**2**) identity of parties or privies in the two suits, and (**3**) identity of the cause of action in both suits." *Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 8, 314 P.3d 698. Even if all three elements are met, "res judicata does not bar a subsequent action unless the plaintiff

4

could and should have brought the claim in the former proceeding." *Potter v. Pierce*, 2015-NMSC-002, ¶ 15, 342 P.3d 54.

### a. Final Judgment on the Merits in the First Lawsuit

The judgment entered by the state district court in the foreclosure lawsuit, which the New Mexico Court of Appeals affirmed and the New Mexico Supreme Court declined to review, is a final judgment on the merits. *Cf. Cagan v. Vill. of Angel Fire*, 2005-NMCA-059, ¶ 15, 137 N.M. 570 (holding that dismissal entered pursuant to motion for summary judgment constituted adjudication on merits for *res judicata* purposes). Therefore, the first *res judicata* element is met.

### b. Identity of Parties or Privies in the Two Lawsuits

PennyMac Mortgage Investment Trust Holdings I, LLC was the plaintiff in the foreclosure lawsuit and is now a Defendant in this lawsuit. Moreover, PennyMac Loan Services, LLC bought the subject property from the Special Master and is also a Defendant in this case. Both PennyMac Mortgage Investment Trust Holdings I, LLC and PennyMac Loan Services, LLC are in privity with each other and with PennyMac Corp., the other related PennyMac entity sued in this case. *See* (Doc. 1-2) at ¶¶ 2-4 (Plaintiff refers to PennyMac entities collectively throughout Complaint as trustee and servicer for Securitized Trust); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1241 (10th Cir. 2017) (finding that by aggregating separate entities' actions into unitary conduct of single entity and by evaluating that unitary conduct for purposes of liability, plaintiff treats separate entities "as the same entity and seeks to hold them liable for the same conduct"); *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 4, 137 P.3d 577 (recognizing privity in "concurrent relationship to the same property right"). The second *res judicata* element is met as well.

### c. Identity of the Cause of Action in Both Lawsuits

"Both the Tenth Circuit and New Mexico have adopted the transactional approach in analyzing the single-cause-of-action element of res judicata." *Potter*, 2015-NMSC-002 at ¶ 11. "The transactional approach considers all issues arising out of a 'common nucleus of operative facts' as a single cause of action." *Id.* (citation omitted).

> The facts comprising the common nucleus should be identified pragmatically, considering (1) how they are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their 'treatment as a single unit conforms to the parties' expectations or business understanding or usage."

*Id.* (citation omitted).

In this case, Plaintiff attacks the state foreclosure action arguing that PennyMac was not entitled to obtain the foreclosure. In the state foreclosure action, PennyMac Mortgage Investment Trust Holdings I, LLC argued that it was entitled to obtain the foreclosure. The facts in both cases concern the right of PennyMac Mortgage Investment Trust Holdings I, LLC to collect on the Note by foreclosing on the Mortgage. These facts, as a pragmatic matter, comprise a common nucleus related, at the very least, in origin, and when taken together form a convenient trial unit which the parties could have expected to treat as a single trial unit. Thus, the third *res judicata* element is met. In addition, Plaintiff could have and should have brought his claims in the foreclosure action.[1]

### d. Conclusion

Having found that the elements for *res judicata* are met and that Plaintiff could have and should have raised his claims in the state foreclosure action, the Court concludes that *res judicata*

---

[1] As a matter of fact, Plaintiff brought a lack of standing issue in the foreclosure action. *See* 2016 WL 590444.

bars this lawsuit against PennyMac. For this reason alone, Plaintiff's claims against PennyMac are subject to dismissal with prejudice.

*2. Impermissible Collateral Attack on the Foreclosure Judgment*

Next, PennyMac argues that the Court should dismiss Plaintiff's causes of action as an impermissible collateral attack on the foreclosure judgment. "A collateral attack is 'an attempt to avoid, defeat, or evade [a judgment], or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking' the judgment." *Lewis v. City of Santa Fe*, 2005-NMCA-032, ¶ 10, 137 N.M. 152 (citation omitted). Put another way, a collateral attack is "an independent action to challenge the validity of a prior judgment." *Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 33, 390 P.3d 174. "New Mexico cases have recognized a limited number of ways in which a litigant may seek relief from a prior judgment in a proceeding separate from that in which the judgment was rendered." *Id.* at ¶ 36. "First, a litigant may file an independent action to set aside a judgment for fraud [upon the court], accident, or mistake." *Id.* "Second, a litigant may file an independent action asserting that a previously rendered judgment was void for lack of jurisdiction." *Id.* at ¶ 37. "Third, a litigant may argue (either based on fraud [upon the court], accident, mistake, or lack of jurisdiction) for relief from judgment in a proceeding both separate from that in which the judgment was rendered and in which the judgment is relied on for a claim or defense." *Id.* at ¶ 38.

Although Plaintiff does not allege fraud upon the state district court nor does he explicitly allege accident or mistake by the state district court in rendering its final decree of foreclosure, Plaintiff does allege lack of standing in the First Cause of Action. "[S]tanding is a jurisdictional prerequisite for a cause of action…." *Bank of New York Mellon as Tr. for CIT Mortg. Loan Tr.*

7

*2007-1 v. Richesin*, 2018 WL 4958901, ¶ 2 (N.M. Ct. App.) (citation omitted). Hence, Plaintiff could pursue this lawsuit to determine whether a lack of standing, i.e., lack of jurisdiction, voids the decree of foreclosure. Accordingly, a collateral attack on that basis is permissible.

### 3. Plaintiff's Lack of Standing

Next, PennyMac asserts that Plaintiff lacks standing to bring the underlying premise of this lawsuit. Plaintiff alleges that the Note and Mortgage were improperly transferred to PennyMac, in part, by violating a pooling and servicing agreement (PSA). *See, e.g.,* (Doc. 1-2) at ¶¶ 45-47. "[T]he great weight of authority holds that a mortgagor who is not a party to or a third-party beneficiary of the agreement governing the trust[, a PSA,] is not the proper party to challenge such alleged violations." *Deutsche Bank Nat. Tr. Co. v. Maclaurin*, 2015-NMCA-061, ¶ 9, 350 P.3d 1201 (citing *In re Walker,* 466 B.R. 271, 285 (Bankr. E.D. Pa.2012) ("[I]t appears that a judicial consensus has developed holding that a borrower lacks standing to ... request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third [-]party beneficiary of the securitization agreement, *i.e.,* the PSA."). Based on this caselaw, Plaintiff, a mortgagor, does not have standing to bring any cause of action against PennyMac based on alleged violations of the PSA.

### 4. Second and Third Causes of Action: Fraud Claims

Plaintiff alleges in the Second Cause of Action that "Defendants" concealed certain information from Plaintiff prior to his entering into the loan at issue and that he relied on the misrepresentations to his detriment. In the Third Cause of Action, Plaintiff alleges that "Defendants" intentionally misrepresented to him that they "were entitled to exercise the power

of sale provision contained in the Mortgage" as holders and owners of the Note, and as Mortgage beneficiaries. (Doc. 1-2) at ¶¶ 91 and 92.

PennyMac correctly argues that the Second and Third Causes of Action are subject to dismissal for three reasons. First, PennyMac observes that Plaintiff does not allege that PennyMac was involved in the Note origination. Instead, Plaintiff alleges that Decision One originated the Note. Hence, Plaintiff has not alleged a plausible claim against PennyMac for committing fraud at the time of the Note origination.

Second, PennyMac argues that the statute of limitations bars any fraud claim alleged to have occurred prior to the Note origination in 2007. In New Mexico, the fraud statute of limitation is four years. *See* NMSA 1978, § 37-1-4 (1990 Repl. Pamp.). Clearly, the fraud statue of limitation bars any 2019 fraud claim based on representations made at the time of the Note origination in 2007.

Third, PennyMac argues that Plaintiff has not complied with Fed. R. Civ. P. 9(b) which requires that a plaintiff "state with particularity the circumstances constituting fraud…." "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 494 (D.N.M. 2012) (citation omitted). Here, the fraud claims refer to "Defendants" only and do not allege when, where or how PennyMac, specifically, made misrepresentations to Plaintiff. Plaintiff's fraud allegations, therefore, do not comply with Rule 9(b).

For all of the above reasons, the Court determines that the Second and Third Causes of Action against PennyMac are subject to dismissal under Rule 12(b)(6) for failing to state plausible fraud claims.

*5. Fifth Cause of Action: Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing*

In the Fifth Cause of Action, Plaintiff alleges that PennyMac "demanded amounts that are not truly owed" in violation of the terms of the Note. (Doc. 1-2) at ¶¶ 109 and 110. Plaintiff, however, does not allege what amounts were not truly owed nor does Plaintiff allege what provision of the Note PennyMac allegedly violated or when PennyMac violated the Note. Plaintiff further does not explain why the amounts demanded were not truly owed. The lack of supporting factual allegations along with the conclusory nature of the Fifth Cause of Action do not state a plausible claim against PennyMac for either breach of contract or breach of the covenant of good faith and fair dealing.

*6. Seventh Cause of Action: Intentional Infliction of Emotional Distress*

Plaintiff alleges in the Seventh Cause of Action that "Defendants" intended to inflict emotional distress on Plaintiff by pursuing a fraudulent foreclosure action. A claim of intentional infliction of emotional distress requires showing that (1) the defendant's conduct was extreme and outrageous; (2) the conduct was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the plaintiff's mental distress. *Trujillo v. N. Rio Arriba Elec. Coop., Inc.,* 2002–NMSC–004, ¶ 25, 131 N.M. 607. To qualify as "extreme and outrageous," the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted).

Aside from formulaic labels and legal conclusions, the Seventh Cause of Action lacks any supporting factual allegations to show either extreme and outrageous conduct, or intentional

or reckless conduct by PennyMac. Without those kinds of factual allegations, Plaintiff does not state a plausible intentional infliction of emotional distress claim against PennyMac.

PennyMac further argues that the three-year statute of limitation bars this claim. *See Martinez v. Sw. Cheese Co., LLC*, 2017 WL 2081084, ¶ 3 (N.M. Ct. App.) (noting that three-year statute of limitation applies to claim for intentional infliction of emotional distress (citing NMSA 1978, § 37-1-8 (1990 Repl. Pamp.)))). In this case, PennyMac filed the allegedly fraudulent foreclosure lawsuit, the purported cause of Plaintiff's emotional distress, in 2013, more than three years prior to the filing of this lawsuit in 2019. Clearly, an alleged intentional infliction of emotional distress claim based on PennyMac's conduct between 2013 and 2016 falls outside the 3-year statute of limitation period. Even if Plaintiff alleges that the intentional infliction of emotional distress continued within the statute of limitations period, Plaintiff still has failed to state a plausible intentional infliction of emotional distress claim against PennyMac.

*7. Eighth Cause of Action: Slander of Title*

The Eighth Cause of Action refers to "documents," including those commencing the foreclosure action, that Defendants allegedly knew or should have known were improper and cast doubt on Plaintiff's title to the property at issue. (Doc. 1-2) at ¶¶ 129 and 130. In New Mexico, "[s]lander of title occurs when one who, without the privilege to do so, willfully records or publishes matter which is untrue and disparaging to another's property rights in land as would lead a reasonable man to foresee that the conduct of a third purchaser might be determined thereby." *Vill. of Wagon Mound v. Mora Trust,* 2003–NMCA–035, ¶ 74, 133 N.M. 373 (internal quotation marks and citation omitted).

Here, the Eight Cause of Action contains only conclusory and vague allegations. For instance, Plaintiff does not allege what untrue "documents" PennyMac purportedly recorded or

published. The Eighth Cause of Action, therefore, does not state a plausible slander of title claim against PennyMac.

*8. Ninth Cause of Action: Quiet Title*

In the Ninth Cause of Action, Plaintiff alleges that all Defendants claim an interest in the property at issue, thereby clouding Plaintiff's title to the subject property. (Doc. 1-2) at ¶ 140. "It is elementary law that in a suit to quiet title to real estate, the plaintiff must recover upon the strength of his own title and not the weakness of that of his adversary." *Perea v. Martinez*, 1980-NMSC-116, ¶ 4, 95 N.M. 84. In other words, a plaintiff cannot pursue a quiet title action if the plaintiff has no title or interest in the property. *Gallegos v. Quinlan*, 1980-NMSC-065, ¶ 8, 94 N.M. 405 (holding that plaintiffs cannot raise quiet title claim if they have no title or interest in property).

In this case, the Special Master in the foreclosure action sold the subject property to, and executed a Special Master's Deed in favor of, PennyMac Loan Services, LLC. (Doc. 5-1) at 81-82. In March 2017, the state district court entered an Order Confirming Sale. *Id.* at 84-85. Consequently, Plaintiff does not have either title or a property interest in the subject property. As such, Plaintiff cannot, as a matter of law, bring a plausible quiet title claim against PennyMac.

*9. Tenth Cause of Action: Declaratory Relief*

PennyMac notes that the declarations Plaintiff seeks are simply redundant of his causes of action. PennyMac, therefore, argues that the Court should dismiss the Tenth Cause of Action for the same reasons it should dismiss the underlying causes of action. To maintain a claim for declaratory relief against PennyMac, Plaintiff must have a valid substantive cause of action underlying the claim for declaratory relief. *See Am. Linen Supply of N.M., Inc. v. City of Las*

*Cruces*, 1963-NMSC-176, ¶ 7, 73 N.M. 30 ("[U]nless a valid cause of action is stated under the rules of substantive law, there can be no recourse to declaratory judgment procedure to reach the desired end."). Because Plaintiff has not stated a plausible substantive cause of action against PennyMac that it somehow obtained an improper foreclosure judgment, Plaintiff fails to state a plausible declaratory relief claim against PennyMac. *See TexasFile, LLC v. Bd. of Cty. Commissioners of Cty. of Lea*, 2019 WL 580494, at *8 (N.M. Ct. App.) (concluding that district court correctly denied plaintiff's request for declaratory relief given plaintiff's failure to state claim).

    *10. Eleventh Cause of Action: TILA Violation*

Plaintiff alleges that Defendants violated TILA by not providing him "with accurate material disclosures required under TILA and not taking into account the intent" of the statute. (Doc. 1-2) at ¶ 157. "Congress enacted the TILA to regulate the disclosure of the terms of consumer credit transactions in order 'to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual costs of financing.'" *In re Ramirez*, 329 B.R. 727, 731–32 (D. Kan. 2005) (citation omitted). PennyMac makes three arguments to dismiss the TILA claim brought against it.

First, as a subsequent holder of the Note, PennyMac argues that TILA does not apply to it. Under TILA, a subsequent "assignee will not be liable unless the TILA disclosure violations are apparent on the documents provided to the assignee by the original lender." *Khalsa v. Bank of Am. Nat'l Ass'n*, 2017 WL 3602045, at *2 (D.N.M.) (citing 15 U.S.C. § 1641(a)). In this case, Plaintiff fails to allege facts to show that it is apparent on the face of the assignment documents that the original lender, Decision One, did not make required TILA disclosures. In fact, Plaintiff fails to allege exactly what TILA required disclosures or notices Decision One, the original

13

lender, failed to provide to Plaintiff.  Consequently, Plaintiff fails to state a plausible TILA claim against PennyMac, as an assignee.  *See id.* at *6 (dismissing TILA counts because complaint failed to allege that original lender's TILA violation was apparent on face of assignment documents) (citing *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, 2001 WL 422375, *1 (5th Cir.) (upholding dismissal of TILA claim against assignee because plaintiff did not plead that TILA violation was "apparent on the face of the note.")).

Second, PennyMac argues that the statute of limitation bars the TILA claim.  Depending on the TILA violation, TILA provides a one or three-year statute of limitation beginning from the date of the TILA violation.  15 U.S.C. § 1640(e).  Plaintiff, however, does not allege what specific TILA provisions PennyMac purportedly violated nor when they occurred.  Nevertheless, Plaintiff contends in a conclusory manner that the statute of limitation was "tolled due to Defendants' failure to effectively provide the required disclosures and notices."  (Doc. 1-2) at ¶ 158.

"[F]raudulent concealment, inducement, or trickery by a defendant can toll the statute of limitations of a federal cause of action..." *Greene v. Bank of Am., N.A.*, 2014 WL 11497812, at *5 (D.N.M.) (quoting *Cooper v. NCS Pearson, Inc.*, 733 F.3d 1013, 1016 (10th Cir. 2013)).  Even so, "equitable tolling is only available if [the p]laintiff[] diligently pursued [his] claims, but were prevented from timely filing by 'extraordinary circumstances' beyond [the p]laintiff['s] control."  *Id.* (citing *Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706-707 (10th Cir. 2008)).  Moreover, the plaintiff has "the burden of showing that the statute of limitations should be tolled."  *Id.* (citation omitted).  Plaintiff, in this case, has not alleged any specific "fraudulent concealment, inducement or trickery" by PennyMac that prevented him from meeting a TILA statute of limitation.  In addition, Plaintiff does not allege facts showing that he diligently

pursued his TILA claim or how an alleged failure to provide TILA disclosures and notices constitutes "extraordinary circumstances" that prevented him from filing a timely TILA claim. In sum, Plaintiff has simply failed to allege facts to show that a TILA statute of limitation does not bar the TILA claim or that the Court should toll a TILA statute of limitation.

Finally, PennyMac argues that Plaintiff bases the TILA claim on vague and conclusory allegations. The Court agrees. Without specific factual allegations to support the TILA claim, Plaintiff has failed to state a plausible TILA claim against PennyMac. For all of the above reasons, the TILA claim against PennyMac is subject to dismissal under Rule 12(b)(6).

*11. Twelfth Cause of Action: RESPA Violation*

Plaintiff seems to allege that Defendants violated RESPA by engaging in illegal "lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA…." (Doc. 1-2) at ¶ 165. Plaintiff also alleges that "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall." *Id.* at ¶ 167. PennyMac argues first that these allegations fail to state a plausible RESPA claim. The Court agrees that the allegations are conclusory and lack sufficient factual support. Plaintiff, for example, does not allege what payments were made and to whom. Hence, Plaintiff fails to state a plausible RESPA claim against PennyMac.

PennyMac further argues that the statute of limitation bars the RESPA claim. The one-year RESPA statute of limitation appears to apply. 12 U.S.C. § 2614. That statute of limitation begins to run as of the date of the RESPA violation. Here, Plaintiff fails to allege when the RESPA violation occurred, whether in 2007 when he entered into the Note and Mortgage agreements or sometime after PennyMac became the holder of the Note and assignee of the Mortgage. Whether the statute of limitation bars the RESPA claim is of limited importance,

however, because Plaintiff, nonetheless, fails to state a plausible RESPA claim against PennyMac.

*D. Conclusion*

*Res judicata* bars this lawsuit against PennyMac as a matter of law. In addition, as a matter of law, Plaintiff lacks standing to claim that PennyMac violated the PSA. Finally, the Second, Third, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action against PennyMac are subject to dismissal under Rule 12(b)(6). For the foregoing reasons, the Court will grant the Motion to Dismiss and dismiss the claims against PennyMac with prejudice.

IT IS ORDERED that

1. the Dismissal Motion (Doc. 5) is granted; and

2. Plaintiff's claims against PennyMac Mortgage Investment Trust Holdings I, LLC; PennyMac Loan Services, LLC; and PennyMac Corp. are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE