IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE D. SALAZAR,

    Plaintiff,

vs.                                                                                                Civ. No. 19-517 KG/LF

PENNYMAC MORTGAGE
INVESTMENT TRUST HOLDINGS I,
LLC; PENNYMAC LOAN SERVICES, LLC;
PENNYMAC CORP.; WEINSTEIN & RILEY, P.S.,
AND DOES 1 THROUGH 50, INCLUSIVE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Weinstein & Riley, P.S.'s Motion to Dismiss (Motion to Dismiss), filed on July 5, 2019. (Doc. 7). *Pro se* Plaintiff did not respond to the Motion to Dismiss. Having considered the Motion to Dismiss and the Complaint for Wrongful Foreclosure (Complaint) (Doc. 1-2), the Court grants the Motion to Dismiss.

*A. Procedural History*

In September 2013, PennyMac Mortgage Investment Trust Holdings I, LLC filed a complaint in the Sandoval County District Court to foreclose on Plaintiff's Placitas property. *PennyMac Mortgage Investment Trust Holdings I, LLC v. Salazar*, D-1329-CV-201301730. In July 2015, the state district court denied a motion to dismiss, granted summary judgment in favor of PennyMac Mortgage Investment Trust Holdings I, LLC, and entered a decree of foreclosure. (Doc. 5-1) at 60, 63. Plaintiff, represented by counsel, appealed the summary judgment, which the New Mexico Court of Appeals subsequently upheld in January 2016. 2016 WL 59044 (N.M. Ct. App.). A court-appointed Special Master sold the property in April 2017. (Doc. 5-1) at 84.

Plaintiff, now *pro se*, filed a motion to set aside the judgment and to vacate the sale of the property. *Id.* at 88-108. The state district court denied the motion and Plaintiff appealed the denial to the New Mexico Court of Appeals in October 2017. *Id.* at 125, 128. In July 2018, the New Mexico Court of Appeals dismissed the appeal as untimely. 2018 WL 3869561 (N.M. Ct. App.). Plaintiff then sought a petition for writ of certiorari in the New Mexico Supreme Court, which the New Mexico Supreme Court denied in October 2018. (Doc. 5-1) at 138-39. In April 2019, the state district court issued a writ of assistance to allow PennyMac Mortgage Investment Trust Holdings I, LLC to take possession of the subject property after May 20, 2019. *Id.* at 141, 143.

On May 16, 2019, Plaintiff filed this lawsuit in state court. (Doc. 1-2). On June 5, 2019, Defendants PennyMac Mortgage Investment Trust Holdings I, LLC; PennyMac Loan Services, LLC; and PennyMac Corp. (collectively, PennyMac) removed that state lawsuit to federal court. (Doc. 1).

In addition to suing PennyMac, Plaintiff is suing Weinstein & Riley, P.S. (Weinstein & Riley), a law firm that represented PennyMac in the state foreclosure action. Plaintiff alleges that Weinstein & Riley "failed to first perform a reasonable investigation before filing their foreclosure complaint." (Doc. 1-2) at ¶ 18. Plaintiff contends that a reasonable investigation would have revealed that the foreclosure lawsuit wrongfully sought "more that [sic] was truly owed." *Id.* at ¶ 15. Finally, Plaintiff is suing Does 1-50, inclusive, who are "in some manner liable to Plaintiff, or claim[] some right, title, or interest in the Property." *Id.* at ¶ 20.

Plaintiff brings 12 causes of action:

- First Cause of Action: lack of standing to foreclose claim brought against Defendants;
- Second Cause of Action: fraud in the concealment claim brought against Defendants;

2

- Third Cause of Action: fraud in the inducement claim brought against Defendants;

- Fourth Cause of Action: New Mexico Unfair Practices Act (UPA) claim brought against Weinstein & Riley;

- Fifth Cause of Action: breach of contract and breach of the covenant of good faith and fair dealing claims brought against PennyMac;

- Sixth Cause of Action: Fair Debt Collections Practices Act (FDCPA) claim brought against Weinstein & Riley;

- Seventh Cause of Action: intentional infliction of emotional distress claim brought against Defendants;

- Eighth Cause of Action: slander of title claim brought against Defendants;

- Ninth Cause of Action: quiet title claim brought against Defendants;

- Tenth Cause of Action: declaratory relief claim brought against Defendants;

- Eleventh Cause of Action: Truth in Lending Act (TILA) claim brought against Defendants; and

- Twelfth Cause of Action: Real Estate Settlement and Procedures Act (RESPA) claim brought against Defendants.

Weinstein & Riley now moves for dismissal of all causes of action brought against it under Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted.

*B. Standard of Review*

As an initial matter, the Court notes that "[a] pro se litigant must 'follow the same rules of procedure that govern other litigants.'" *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. Appx. 680, 685 (10th Cir. 2019) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint contain a "short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That means the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Accordingly, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis original).

Aside from providing sufficient notice of a claim, the complaint must be "plausible on its face" or else face dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). To be plausible, the complaint must include well-pleaded facts that, taken as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must view the well-pleaded facts in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

C. Discussion

To begin with, Weinstein & Riley notes that, except for the Fourth, Fifth, and Sixth Causes of Action, Plaintiff simply refers to "Defendants" in the causes of action. Weinstein & Riley argues that it cannot ascertain which Defendant or Defendants Plaintiff is referring to in each of those non-specific causes of action. Hence, Weinstein & Riley asserts that the Court must dismiss those causes of action for failing to state plausible claims. The Court agrees that

the non-specific causes of action are "deficient because [they] attribute[] actions to a large group of collective 'defendants,' which includes fifty unknown Doe defendants in addition to" PennyMac and Weinstein & Riley.  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (granting motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants' and failed to identify any factual basis for the legal claims made").  "From such broad allegations against a large and mostly anonymous group of people, this court cannot 'draw the reasonable inference that [Weinstein & Riley] is liable for the misconduct alleged,' because [the court] cannot tell *which* defendant is alleged to have done what…."  *Burnett*, 706 F.3d at 1240 (quoting *Ashcroft,* 556 U.S. at 679).  The Court concludes that (1) the non-specific causes of action violate Rule 8(a)(2) by failing to provide fair notice to Weinstein & Riley of the claims against it, and (2) the non-specific causes of action are subject to Rule 12(b)(6) dismissals for failing to state plausible claims against Weinstein & Riley.

In addition, Weinstein & Riley argues that Plaintiff, otherwise, has failed to allege plausible causes of action against it, including the Fourth and Sixth Causes of Action, which Plaintiff specifically brings against Weinstein & Riley.  The Court will briefly examine each of the causes of actions.

5

*1. First Cause of Action: Lack of Standing to Foreclose*

As Weinstein & Riley correctly observes, it did not seek to foreclose on Plaintiff's property on its own behalf. Furthermore, Plaintiff does not allege that Weinstein & Riley brought the foreclosure action on its own behalf. PennyMac Mortgage Investment Trust Holdings I, LLC, the plaintiff in the state foreclosure case, sought the foreclosure. The lack of standing to foreclose claim, therefore, does not apply to Weinstein & Riley. The First Cause of Action, therefore, fails to state a plausible claim against Weinstein & Riley.

*2. Second and Third Causes of Action: Fraud in the Concealment and Inducement*

Plaintiff alleges in the Second Cause of Action that "Defendants" concealed certain information from Plaintiff prior to his entering into the loan at issue and that he relied on the misrepresentations to his detriment. In the Third Cause of Action, Plaintiff alleges that "Defendants" intentionally misrepresented to him that they "were entitled to exercise the power of sale provision contained in the Mortgage" as holders and owners of the Note, and as Mortgage beneficiaries. (Doc. 1-2) at ¶¶ 91 and 92. Plaintiff, however, does not allege that Weinstein & Riley was involved in communications with Plaintiff leading to the signing of the Note and Mortgage or that Weinstein & Riley claims an interest, on its own behalf, in the Note and Mortgage. In fact, Plaintiff only alleges that Weinstein & Riley should have reasonably investigated the matter before filing the foreclosure lawsuit on behalf of PennyMac Mortgage Investment Trust Holdings I, LLC. These two causes of actions appear to apply only to PennyMac. Even viewing the allegations as true and in the light most favorable to Plaintiff, the Court determines that the Second and Third Causes of Action do not state plausible claims against Weinstein & Riley.

### 3. Fourth Cause of Action: Violations of the UPA

Plaintiff brings the Fourth Cause of Action specifically against Weinstein & Riley. Plaintiff alleges that Weinstein & Riley violated the UPA by "fraudulently attempting to foreclose or claiming the right to foreclose on a property in which [Defendants] have no right, title, or interest…." (Doc. 1-2) at ¶ 108.

To state a UPA claim, a movant must show four elements. *In re Borges*, 485 B.R. 743, 787 (Bankr. D.N.M. 2012), *aff'd,* 510 B.R. 306 (B.A.P. 10th Cir. 2014). "First, the movant must show that the party charged made an 'oral or written statement, visual description or other representation' that was either false or misleading." *Id.* (citation omitted). Second, the movant must show that "the false or misleading representation must have been 'knowingly made in connection with the ... collection of debts.'" *Id.* (citation omitted). The movant meets the "knowingly made" requirement only "if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Id.* (citation omitted). Third, the movant must show that "the conduct must have occurred in the regular course of the representer's trade or commerce." *Id.* Fourth, the movant must show that "the representation must have been of the type that 'may, tends to or does, deceive or mislead any person.'" *Id.* (citation omitted).

Here, Plaintiff merely alleges that Weinstein & Riley should have reasonably investigated the matter prior to filing the foreclosure complaint on behalf of PennyMac Mortgage Investment Trust Holdings I, LLC. Plaintiff does not allege what false or misleading representations or statements Weinstein & Riley knowingly made to Plaintiff in connection with the foreclosure action. Conclusory and vague allegations of a UPA violation do not state a plausible UPA claim against Weinstein & Riley. *See Brunett*, 706 F.3d at 1240 (finding lack of plausibility where

complaint contains "vague alleged acts" and "broad allegations" such that court cannot "tell *what* the misconduct was").

    *4. Sixth Cause of Action: FDCPA Claim*

Plaintiff specifically alleges in the Sixth Cause of Action that Weinstein & Riley violated the FDCPA. Weinstein & Riley argues that the FDCPA does not apply to judicial foreclosure actions. Consequently, Weinstein & Riley asserts that, as a matter of law, Plaintiff cannot bring an FDCPA claim against it for prosecuting a foreclosure complaint on behalf PennyMac Mortgage Investment Trust Holdings I, LLC. The Tenth Circuit, however, recently suggested that "judicial mortgage foreclosures may be covered under the FDCPA because of the underlying deficiency judgment…." *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1221 (10th Cir. 2018), *aff'd sub nom. Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). Nonetheless, the Sixth Cause of Action contains only formulaic summaries of FDCPA law and is devoid of any factual allegations regarding what Weinstein & Riley did to violate the FDCPA. Without more, the Court concludes that Plaintiff fails to allege a plausible FDCPA claim against Weinstein & Riley.

    *5. Seventh Cause of Action: Intentional Infliction of Emotional Distress*

Plaintiff alleges in the Seventh Cause of Action that "Defendants" intended to inflict emotional distress on him by pursuing a fraudulent foreclosure action. A claim of intentional infliction of emotional distress requires showing that (1) the defendant's conduct was extreme and outrageous; (2) the conduct was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the plaintiff's mental distress. *Trujillo v. N. Rio Arriba Elec. Coop., Inc.,* 2002–NMSC–004, ¶ 25, 131 N.M. 607. To qualify as "extreme and outrageous," the

conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted).

Aside from formulaic labels and legal conclusions, the Seventh Cause of Action lacks any supporting factual allegations to show either extreme and outrageous conduct, or intentional or reckless conduct by Weinstein & Riley. Without those kinds of factual allegations, the Court determines that Plaintiff does not state a plausible claim for intentional infliction of emotional distress against Weinstein & Riley.

*6. Eighth Cause of Action: Slander of Title*

The Eighth Cause of Action refers to "documents" commencing the foreclosure action that Defendants knew or should have known were improper and cast doubt on Plaintiff's title to the property at issue. (Doc. 1-2) at ¶¶ 129 and 130. In New Mexico, "[s]lander of title occurs when one who, without the privilege to do so, willfully records or publishes matter which is untrue and disparaging to another's property rights in land as would lead a reasonable man to foresee that the conduct of a third purchaser might be determined thereby." *Vill. of Wagon Mound v. Mora Trust,* 2003–NMCA–035, ¶ 74, 133 N.M. 373 (internal quotation marks and citation omitted).

Here, the Eight Cause of Action contains only conclusory and vague allegations. For instance, Plaintiff does not allege what untrue "documents" Weinstein & Riley purportedly recorded or published. Assuming Plaintiff is alluding to the complaint for foreclosure as the document Weinstein & Riley "published," a "filing of the cause of action" does not "support a cause of action for slander of title." *Chapman v. Varela*, 2008-NMCA-108, ¶ 51, 144 N.M. 709, 726, *rev'd on other grounds,* 2009-NMSC-041, ¶ 51, 146 N.M. 680. If Plaintiff is alluding to the

9

recording of a Notice of Lis Pendens on the property, "the filing of a lis pendens is absolutely privileged and cannot support an action for slander of title." *Superior Construction, Inc. v. Linnerooth,* 1986-NMSC-008, ¶ 13, 103 N.M. 716. Viewing the allegations in Eighth Cause of Action as true and in Plaintiff's favor, the Court concludes that Plaintiff has not stated a plausible claim for slander of title against Weinstein & Riley.

    *7. Ninth Cause of Action: Quiet Title*

In the Ninth Cause of Action, Plaintiff alleges that all Defendants claim an interest in the property at issue, thereby clouding Plaintiff's title to the subject property. (Doc. 1-2) at ¶ 140. Weinstein & Riley notes that it only represented PennyMac Mortgage Investment Trust Holdings I, LLC in the foreclosure lawsuit. As such, Weinstein & Riley does not claim an interest in the property. Moreover, Plaintiff does not allege any facts to show that Weinstein & Riley has an interest in the property. Accordingly, the Ninth Cause of Action does not apply to Weinstein & Riley. The Ninth Cause of Action, therefore, fails to state a plausible quiet title claim against Weinstein & Riley.

    *8. Tenth Cause of Action: Claim for Declaratory Relief*

Plaintiff seeks declaratory relief including a declaration that Defendants did not have any authority to foreclose on the subject property and that they do not have any interest in the property. To maintain a claim for declaratory relief against Weinstein & Riley, Plaintiff must have a valid substantive cause of action underlying the claim for declaratory relief. *See Am. Linen Supply of N.M., Inc. v. City of Las Cruces*, 1963-NMSC-176, ¶ 7, 73 N.M. 30 ("[U]nless a valid cause of action is stated under the rules of substantive law, there can be no recourse to declaratory judgment procedure to reach the desired end."). Because Plaintiff has not stated a plausible substantive cause of action against Weinstein & Riley that it somehow obtained an

improper foreclosure judgment on behalf of PennyMac Mortgage Investment Trust Holdings I, LLC or had an interest in the property, Plaintiff fails to state a plausible claim for declaratory relief against Weinstein & Riley. *See TexasFile, LLC v. Bd. of Cty. Commissioners of Cty. of Lea*, 2019 WL 580494, at *8 (N.M. Ct. App.) (concluding that district court correctly denied plaintiff's request for declaratory relief given plaintiff's failure to state claim).

        9. *Eleventh Cause of Action: TILA Claim*

Plaintiff alleges that Defendants violated TILA by not providing him "with accurate material disclosures required under TILA and not taking into account the intent" of the statute. (Doc. 1-2) at ¶ 157. "Congress enacted the TILA to regulate the disclosure of the terms of consumer credit transactions in order 'to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual costs of financing.'" *In re Ramirez*, 329 B.R. 727, 731 (D. Kan. 2005) (citation omitted). In other words, Congress intended TILA "to balance scales thought to be weighed in favor of lenders and is thus to be liberally construed in favor of borrowers." *Bizier v. Globe Fin. Servs., Inc.*, 654 F.2d 1, 3 (1st Cir. 1981). Weinstein & Riley correctly asserts that TILA does not apply to it because Plaintiff does not allege facts demonstrating that it has a creditor or lender relationship with Plaintiff. Consequently, Plaintiff does not state a plausible TILA claim against Weinstein & Riley.

        10. *Twelfth Cause of Action: RESPA Claim*

RESPA "is a consumer protection statute enacted to regulate real estate settlement processes." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013); 12 U.S.C. § 2601. Congress enacted RESPA "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices."

*Id.* (citation omitted). The "settlement process" includes the "negotiation and execution of mortgage contracts" and loan servicing. *Id.* Plaintiff does not allege that Weinstein & Riley, as PennyMac Mortgage Investment Trust Holdings I, LLC's counsel during the foreclosure proceeding, was also somehow involved in the "settlement process." Viewing the allegations as true and in the light most favorable to Plaintiff, the Court concludes that Plaintiff, likewise, fails to state a plausible RESPA claim against Weinstein & Riley.

*D. Conclusion*

While Plaintiff violated Rule 8(a)(2) by not providing fair notice of some of his claims against Weinstein & Riley, Plaintiff also has failed to state any plausible claim against Weinstein & Riley, a basis for dismissal under Rule 12(b)(6). The Court, therefore, will grant the Motion to Dismiss and dismiss Plaintiff's claims against Weinstein & Riley with prejudice. *See, e.g.*, *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("Dismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case."). This Memorandum Opinion and Order, however, does not preclude Plaintiff from seeking to amend the Complaint if, consistent with Fed. R. Civ. P. 11, he believes he can overcome the deficiencies identified in this Memorandum Opinion and Order with respect to some or all of the dismissed claims.

IT IS ORDERED that

1. Defendant Weinstein & Riley, P.S.'s Motion to Dismiss (Doc. 7) is granted;

2. Plaintiff has until September 27, 2019, to file a motion to amend the Complaint, in accordance with the Federal Rules of Civil Procedure and the Local Rules; and

3. absent a successful amendment of the Complaint, Plaintiff's claims against Weinstein & Riley are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE